

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00660-CR

Mountanez Kareem **ROBINSON**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 454th Judicial District Court, Medina County, Texas
Trial Court No. 25-03-15560-CR
Honorable Daniel J. Kindred, Judge Presiding

PER CURIAM

Sitting:      Lori Massey Brissette, Justice
              Adrian A. Spears II, Justice
              H. Todd McCray, Justice

Delivered and Filed: February 11, 2026

APPEAL DISMISSED

Appellant Mountanez Kareem Robinson, Jr. filed a notice of appeal from a negotiated plea. The clerk's record contains a trial court's certification stating "this criminal case [] is a plea-bargain case, and the defendant has NO right of appeal unless the punishment assessed exceeds the cap of 16 years." *See* TEX. R. APP. P. 25.2(a)(2). "In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal; or (C) where the specific appeal is expressly

authorized by statute." *Id.* We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* R. 25.2(d).

The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by appellant. The clerk's record also does not include a written motion filed and ruled upon before trial; nor does it indicate the trial court gave appellant permission to appeal. Thus, the trial court's certification appears to accurately reflect this is a plea-bargain case, and appellant does not have a right to appeal. *See id.* R. 25.2; *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005).

On November 12, 2025, we ordered that this appeal would be dismissed pursuant to rule 25.2(d) unless an amended trial court certification showing that appellant has the right to appeal was made part of the appellate record by December 12, 2025. *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). No amended trial court certification has been filed. Therefore, this appeal is dismissed pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH